UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK W. BOYKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>  Defendant. | 1:16-cv-00853-GSA<br><br>**ORDER REVERSING THE AGENCY'S DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

**I.   INTRODUCTION**

Plaintiff Fredrick W. Boykin ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") Benefits pursuant to Titles II and XVI of the Social Security Act. (Doc. 1 and 18). The Commissioner filed an opposition. (Doc. 19). Plaintiff filed a reply. (Doc. 20). The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S.

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

Austin, United States Magistrate Judge.[2] After reviewing the administrative record and the pleadings, the Court GRANTS Plaintiff's appeal IN PART. The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND AND PRIOR PROCEEDINGS[3]

Plaintiff filed applications for DIB and SSI on July 29, 2013, alleging a disability beginning July 1, 2008. AR 12; 137-152. His application was denied on October 11, 2013. AR 24; 92-96. Plaintiff requested a hearing before an administrative law judge ("ALJ"). AR 11; 100-103. ALJ Christopher Inama conducted a hearing on August 20, 2014 (AR 38-66), and published an unfavorable decision on November 25, 2014. AR 21-30. Plaintiff filed an appeal on January 23, 2015. AR 16-20. The Appeals Council denied the request for review on April 18, 2016, rendering the order the final decision of the Commissioner. AR 1-8.

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a

---

[2] The parties consented to magistrate judge jurisdiction. (Docs. 6 and 8).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments, (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).

## IV. THE ISSUE PRESENTED

As explained in more detail below, both parties agree that the ALJ committed error in this case. The issue is whether the case should be remanded for an award of benefits, or remanded for further proceedings.

Plaintiff filed for disability due to arthritis in his knees, shoulders, and back which limited his ability to stand and walk. AR 47-53; 174. Using the five step evaluation outlined above, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2015, and that he had not engaged in substantial gainful activity since July 1, 2008, the alleged onset date. AR 26. He also identified bilateral knee osteoarthritis - with the left side worse than the right - as a severe impairment, but found that this impairment did not meet one of the listing impairments. AR 26. The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform light work except that he could stand no more than four hours in an eight hour day; he could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but he could never climb ladders, ropes, or scaffolds. The ALJ further found Plaintiff could occasionally reach and frequently handle and finger with his non-dominant upper extremity; occasionally reach with his left, non-dominant upper extremity; but had no manipulative limits with his right, dominant upper extremity. AR 27. Given this RFC, the ALJ

determined that Plaintiff could not perform his past work as an auto mechanic nor a construction worker. AR 29. However, he determined that Plaintiff could perform work as a surveillance system monitor and a telemarketer.

In doing so, the ALJ applied the Medical –Vocational Guidelines ("the grids") and found that because Plaintiff was born on December 17, 1959 and was 48 years old on the alleged disability date, he was not disabled regardless of whether he had transferable skills from his past relevant work because he could perform light work, had a least a high school education, and could speak English. AR 28-30. *See*, 20 C.F.R. pt. 404, subpt. P., app 2,§§ 202. 14 and 202.15 (directing a finding of not disabled for an individual capable of light work who is closely approaching advanced age with a least a high school education and skilled past relevant work regardless of whether he had transferable skills).

Both parties agree that the ALJ should have used the grids, however, they also agree that the ALJ applied the grids incorrectly. (Doc. 18, pgs. 5-6; Doc. 19, pgs. 3-4). Specifically, because the VE only identified sedentary jobs that Plaintiff perform, the ALJ was required to use the sedentary rather than the light grids as a framework for his decision. See, *Distasio v. Shalala*, 47 F. 3d 348, 350 (9th Cir. 1995) (mandatory application of Rule 201.14 (the sedentary grids) despite a limited capacity for light exertion but only allowed for a limited range of sedentary work); *Cooper v. Sullivan*, 880 F. 2d 1152, 1156-1157 (9th Cir. 1989) (mandatory application of grid Rule 202.04 (the light grids) despite a limited capacity for medium exertion but only allowed for a limited range of light work). Thus, both parties agree that the case should be remanded, however, it is the breadth of the remand that is at issue.

Plaintiff argues that the case should be remanded for an award of benefits because when the sedentary grids are applied (pursuant to 20 C.F.R. Pt. 404, Subpt P. App. 1, Rule 201.14), Plaintiff is disabled - he is an individual over the age of fifty, with a high school education, who is capable of sedentary work with no transferable skills. (Doc. 18, pgs. 5-7; Doc. 20, pg. 3-5). The Commissioner contends that there are two sedentary grid rules that are applicable: 1) Rule 201.14 which Plaintiff relies upon, that renders Plaintiff disabled if he has no transferable skills, and 2) Rule 201.15 that renders him not disabled if he possesses transferable skills. 20 C.F.R. pt 404,

4

subpt P, app. 2 §§ 201.14, 201.15. Thus, the issue is whether Plaintiff possesses transferable skills.

Plaintiff contends that the ALJ found that "transferability of job skills is not determinative" (AR 29) which establishes that Plaintiff has no transferable skills. He argues that this Court must rely on this finding because any other explanation regarding transferable skills is a *post hoc* explanation of the ALJ's decision which is not permissible. Moreover, sedentary work for an individual over 50, requires that there be little, if any, vocational adjustment applied to any transferable skill, and the VE only found that Plaintiff could perform two jobs – a surveillance system monitor and a telemarketer. (Doc. 20, pgs. 3-5). Conversely, Defendant argues that the ALJ did not make a finding of transferability because he did not believe it was relevant to an application of the light grids.

**V. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

**VI. DISCUSSION**

After reviewing the record, it is apparent that the ALJ never made a finding regarding the transferability of Plaintiff's skills. For example, when the ALJ found that transferability was not determinative, he went on to state, "because using the Medical-Vocational Rules as a framework supports a find that the claimant is 'not disabled': whether or not the claimant has transferable job skills." AR 29. Thus, it is clear that that the ALJ assumed (correctly) that when applying the light grids, transferability of skills was not relevant because Plaintiff would not be disabled either way.

5

Moreover, when the vocational expert ("VE") testified that Plaintiff's previously worked as an auto mechanic, and construction worker, the ALJ specifically asked whether either of those jobs would transfer to light or sedentary work. The VE responded :

> A: Yes, the auto mechanic, the – he knows the process for auto repair, parts needed, tools needed, and would transfer to counter person auto part. But you didn't ask him that, I'm sorry.
>
> Q: We'll get there.
>
> A: Okay [inaudible]
>
> Q: We'll see if it fits.

The ALJ then went on to present various hypotheticals to the VE and never returned to whether Plaintiff's skills were transferable. AR 62-64. Therefore, it is clear that that the record is not complete on the issue of transferability of skills as the issue was not addressed by the ALJ nor the VE. As a result, this Court is unable to make a disability determination based on the current record. The case must be remanded for the ALJ to make a finding on this issue, and in turn, determine whether Plaintiff is disabled pursuant to the sedentary grids. See, *Garrison v. Colvin*, 759 F. 3d 995, 1021 (9th Cir. 2014) (A court should remand with for an award of benefits only when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.) *Id.* at 1020.

Here, the ALJ's error is clear, he erroneously applied the light grids (20 C.F.R. pt. 404, subpt. P., app 2,§§ 202. 14, 202.15) instead of the sedentary grids. See, 20 C.F.R. pt 404, subpt P, App. 2 §§ 201.14, 201.15. As a result, the ALJ never reached the issue of transferability of skills. On remand, the ALJ shall apply the sedentary grids and assess the transferability of Plaintiff's skills to determine whether Plaintiff is disabled under the grids.

**VII**. **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court

6

GRANTS Plaintiff's appeal against the Commissioner of Social Security IN PART. This action is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.  The Clerk of this Court shall enter judgment in favor of Plaintiff, Fredrick Boykin, and against Nancy A. Berryhill, Commissioner of Social Security. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **May 4, 2017**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE